HOUSTON v. JOHNSON et al.   (No. 732.)

(Court of Civil Appeals of Texas. El Paso. Oct. 25, 1917.)

1. MORTGAGES &#8658;151(6)—PRIORITIES—MORTGAGE AND VENDOR'S LIEN.

Purchase-money notes, to secure payment of which a vendor's lien is retained in the deed, are a first lien as against a deed of trust given by the grantee.

2. JUDGMENT &#8658;707—PERSONS AFFECTED.

Rights of holder of second lien, a deed of trust, are not affected by suit, to which he is not a party, to foreclose the first lien, a prior vendor's lien.

3. VENDOR AND PURCHASER &#8658;288—FORECLOSURE OF VENDOR'S LIEN—RIGHTS OF PURCHASER.

The purchaser at foreclosure of a first lien, a vendor's lien, to which foreclosure suit the holder of the second lien, a subsequent deed of trust, is not a party, acquires the land subject, but not subordinate, to the rights of the second lienholder.

4. MORTGAGES &#8658;535(1)—SALE UNDER POWER —TITLE ACQUIRED.

The purchaser at trustee's sale under the power of sale in a deed of trust, a second lien, acquires title superior to that of purchaser under prior foreclosure of vendor's lien, the first lien, the second lienholder not having been made party to such foreclosure suit; but the title under such sale is subject and subordinate to the vendor's lien.

5. TRESPASS TO TRY TITLE &#8658;47(1) — CONDITION OF RECOVERY — PAYMENT INTO REGISTRY—VENDOR'S LIEN.

Plaintiff in action for title and possession of land, having title subject to a vendor's lien, securing three notes, should not as condition to recovery be required to pay into the registry of the court the amount of such notes; the holder of only one of them being a party, especially where there is no evidence that the others are

not paid, and so far as appears they are barred by limitations.

Appeal from District Court, Eastland County; Thos. L. Blanton, Judge.

Action by Otho S. Houston against A. B. Johnson and others. From part of the judgment, plaintiff appeals. Reformed and affirmed.

There is no statement of facts in this record, and the appeal is presented upon findings of fact and conclusions of law filed by the trial court. A condensed statement thereof is as follows: On July 29, 1910, George T. Mathews conveyed to J. D. Kinnison the land in controversy, retaining in the deed a vendor's lien to secure the payment of a note for $70, due November 1, 1910, another note for $82.05, due January 1, 1911, and another note for $100, due July 29, 1911, which deed was filed for record August 2, 1910, and duly recorded. On July 5, 1911, J. D. Kinnison executed and delivered to W. L. Smallwood, trustee, a deed of trust upon said land to secure Otho S. Houston in the payment of the following notes: One in the sum of $50, due in one year, another in the sum of $50, due December 15, 1912, and seven notes for $100 each, due respectively on December 15th in the years 1913, 1914, 1915, 1916, 1917, 1918, and 1919, which deed of trust was filed for record July 6, 1911, and duly recorded. Some time in the year 1912 and prior to June 4th, Utterback & Harris Company, a corporation, filed suit against Kinnison upon above-mentioned note for $82.05, and on June 4, 1912, judgment was rendered in said suit against Kinnison for the amount of said note with foreclosure of vendor's lien upon the land in controversy as it existed on July 29, 1910. Upon this judgment an order of sale was issued, and on September 3, 1912, the land was sold thereunder to Utterback & Harris Company for the consideration of $150, which deed was filed for record October 2, 1912, and duly recorded. On December 2, 1912, Utterback & Harris Company conveyed the land to George T. Mathews for a consideration of $150, which deed was filed for record on February 22, 1913, and duly recorded. On February 18, 1913, Mathews conveyed the land to A. B. Johnson, which deed was filed for record February 22, 1913, and duly recorded. On May 5, 1913, the trustee in the above-mentioned deed of trust sold the land in controversy under the provisions of the deed of trust to Houston for the sum of $100, and the same was by the trustee conveyed to Houston, and the conveyance was thereafter filed for record and duly recorded; that the plaintiff has never made any tender other than the proffer contained in his pleadings. The tenth finding of fact reads:

"Based upon the legal presumption, the court finds that none of the three notes specified in the deed from Mathews to Kinnison have ever been paid, there being no evidence concerning the same in the record, other than the recitations in the deeds introduced and the actions of the parties relative thereto, and judgments rendered."

Based upon the foregoing findings of fact, the court's conclusions of law are as follows:

"Upon the above findings, I conclude, as a matter of law, that before the plaintiff would be permitted to invoke the equitable powers of this court, in his behalf, he must be forced to do equity in paying off the outstanding notes which were shown by recorded instruments to be due against the land at the time he made his loan upon same, and which proffer the plaintiff renders judgment that upon the plaintiff paying into court the amount of said three notes, that he will then be entitled to a judgment for the land, and in that connection the court holds that he should pay such notes and all interest provided for therein, up to their maturity, at the rate of 10 per cent. up to the date that the land was purchased by Johnson, and 6 per cent. thereafter."

The court entered judgment, the material portions of which are as follows:

"The court finds that there is a prior and subsisting lien and claim against the property hereinafter described for the sum of $370.80, being the amount due on the three notes described in deed, dated July 29, 1910, from George T. Mathews to J. D. Kinnison, which is duly recorded in the deed records of Eastland county, Tex., volume 69, p. 626, said notes being one for $70, one for $82.50, and one for $100, the total amount above being the principal and interest due thereon. And the court further finds that subject to the above claim of $370.80, the plaintiff is entitled to recover the title and possession of the land hereinafter described as against the said defendants, and it appearing to the court that the plaintiff has offered and is willing to do equity in this case, and has offered to pay such sum or sums as the court may find is just and right. It is therefore ordered, adjudged, and decreed by the court that the plaintiff in order to recover the land herein shall pay into the registry of this court the sum of $370.80, within 30 days from the adjournment of this court, said money when so paid to be by the clerk of this court held subject to further order of this court. It is further ordered, adjudged, and decreed by the court that the plaintiff do have and recover of and from the defendants A. B. Johnson and J. D. Kinnison the following described property: [Here follows description of property] for which plaintiff may have his writ of possession: Provided if the plaintiff Otho S. Houston fails or refuses to pay said sum of money above set forth into the registry of this court as herein provided he shall take nothing herein and the title and possession of said land in such event is hereby adjudged and quieted in the defendant A. B. Johnson. * * * It is further ordered, adjudged, and decreed by the court that a writ of possession issue in this cause in favor of the plaintiff Otho S. Houston as against the defendants herein immediately upon the payment into the registry of this court the sum of money above provided."

The appellant Houston was plaintiff in the case and complained of A. B. Johnson and J. D. Kinnison, defendants. The amended petition upon which the cause was tried contains several counts. The first count was in the ordinary form of trespass to try title, and asked judgment for title and possession of the premises.

Chas. E. Witt, Edgar E. Witt, and G. W. Barcus, all of Waco, for appellant. J. R. Stubblefield, of Eastland, for appellees.

HIGGINS, J. (after stating the facts as above). The various assignments will not be considered separately. They are sufficient to raise the questions upon which the rights of the respective parties depend, and we will simply indicate the principles controlling the proper disposition of the case.

[1-3] The three notes executed by Kinnison to Mathews in consideration of the conveyance of July 29, 1910, constituted a first lien upon the land. The deed of trust of July 5, 1911, for the benefit of Houston constituted a second lien upon the land. The rights of Houston under the deed of trust were not affected by the foreclosure proceedings in the suit of Utterback & Harris Company against Kinnison, because Houston was not a party thereto. The purchaser under this foreclosure (Utterback & Harris Company) acquired the land subject to, but not subordinate to, the rights of Houston under the deed of trust of July 5, 1911.

[4, 5] By the foreclosure proceedings under the deed of trust, the purchaser at the trustee's sale (Houston) acquired title to the land superior to that of ·Utterback & Harris Company. This title was the superior one because the second lienholder was not a party to the foreclosure suit in the district court, and therefore the rights which he had under his deed of trust were unaffected by that foreclosure. On the other hand, the foreclosure under the deed of trust was made under the power of sale conferred in the instrument and passed title subject only to the prior vendor's lien. While the title secured by Houston under the foreclosure of the deed of trust was superior to the title acquired by Utterback & Harris Company, under the first foreclosure, yet Houston's title so acquired was subordinate to the vendor's lien upon the land securing the notes of July 29, 1910, and the holders of such notes had the right to foreclose their lien. Utterback & Harris Company had acquired the $82.05 vendor's lien note, and their remote vendee, Johnson, has succeeded to all of their rights. No other holder of this vendor's lien is a party to this suit. The trial court therefore erred in requiring the payment by Houston into the registry of the court of the amount of the two vendor's lien notes in the sums of $70 and $100. If the holders of those notes had been before the court and seeking to protect their rights, such action would have been proper. Not so, however, where they are not parties. Furthermore, the court's findings of fact and conclusions of law disclose that the evidence is silent as to whether these other two notes remain unpaid. It would certainly not be proper to require Houston to deposit in the registry of the court money to cover the amount of the other notes in the absence of any evidence to show that they remain unpaid. Especially is this true when, so far as the record discloses, these other two notes have become barred by limitation.

In view of the foregoing, judgment should have been entered in favor of Houston against Johnson and Kinnison for the title and possession of the lands in controversy, with proper provision in the judgment for the protection of Johnson in the payment of the amount found to be due on the note for $82.-05. The pleadings of the parties set up all the facts, and are sufficient to give them all of the relief, legal or equitable, to which either may be entitled. The judgment of the court below will therefore be reformed and affirmed as follows:

In favor of Houston against A. B. Johnson and J. D. Kinnison for the title and possession of the lands in controversy. The amount due upon the $82.05 note, aggregating the sum of $125.02, is found to be and is established as a first lien upon the land in favor of Johnson, and the same is hereby foreclosed against Houston, and the land ordered sold in satisfaction thereof, and all proper and appropriate process for the enforcement of this judgment will be ordered issued.

Reformed and affirmed as indicated.